UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSEPH W. DOUGHERTY,

      Plaintiff,

v.                                                        Case No. 18-cv-2006-pp

NANCY A. BERRYHILL,

      Defendant.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

      The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

      To allow the plaintiff to proceed without paying the fee, the court first must decide whether the plaintiff can pay the filing fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

      Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is not employed, not married, and that he has one dependent (a ten-year-old son) whom he is responsible for supporting. Dkt. No. 2 at 1. He lists income of $192 per month in food stamps, and payments of $100 per month in child support.

Id. at 2. He says that he does not own a home or a car, id. at 3, that he has $200 "at times" in cash or in a checking/savings account, id., and that he does not own any other property of value, id. at 4. Under Section V, Other Circumstances, the plaintiff says, "[m]y mother supports me in all ways except for child support, monthly expenses for my son which is approx $300 for clothing + food + what not. I receive $192.00 in foodshare a month + state insurance. Plus a relative gives me a gift of money each month to help pay for child support, stuff for my son and anything else that may come up." Id. at 4. Despite the fact that the plaintiff did not include the amount of the monthly "gift of money" from his relative or the state insurance in the affidavit, the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The complaint indicates that the Commissioner's adverse decision should be reversed because the Administrative Law Judge rendered a decision that

was not supported by substantial evidence and contains errors of law, and that the Appeals Council erred in declining review of that adverse decision. Dkt. No. 1 at 3. At this early stage, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without paying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 11th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**